[Civ. No. 1756. First Appellate District.—March 10, 1916.]

## SAMUEL E. MANNING, Appellant, v. BROADMOOR IMPROVEMENT COMPANY, Respondent.

BUILDING CONTRACT—AGREEMENT FOR BONUS—BREACH OF CONTRACT.—Where plaintiff and defendant entered into a contract whereby the latter sold the former certain lots in a subdivision of land, and agreed to give plaintiff a bonus in a certain amount if the latter would build on each lot a dwelling of a certain cost, according to certain plans, prosecute the work with diligence, and see that no mechanics' liens were filed against the property, plaintiff cannot recover the balance alleged to be due on the bonus, where the evidence shows that the buildings were not completed in the contract time, nor the property kept free from liens, and there were substantial defects in the buildings, to which plaintiff's attention was called and which were not remedied.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

W. B. Rinehart, for Appellant.

H. L. Breed, for Respondent.

THE COURT.—This is an appeal from a judgment entered in favor of the defendant and against plaintiff.

The sole question in the case is, Does the evidence sustain the findings?

The defendant, desiring to promote the sale of a suburban tract of land divided into building lots, known as Broadmoor,

in Alameda County, sold to the plaintiff six lots for the aggregate sum of $11,205, and at the same time entered into an agreement with him, whereby the defendant was to give to the plaintiff a bonus of six thousand dollars upon condition that the latter should build on each of the six lots a dwelling-house, to cost two thousand five hundred dollars, according to plans and specifications to be approved by the defendant; that the work should be prosecuted with due diligence, and no mechanics' liens to be filed against the property.

Of the six thousand dollars bonus all has been paid but the sum of $449.07, and the purpose of this action is to recover that sum. Five of the buildings were completed, and the reason the defendant refused to pay the balance of the bonus was, as he claimed, that the sixth building was left uncompleted.

We agree with the position taken by the defendant. The buildings were not completed within the time specified in the contract, nor did the plaintiff, as agreed, keep the property free from liens of laborers and materialmen. But aside from those matters, and so far as the last house is concerned, it appears that the plaintiff, notwithstanding that his attention had been called to certain defects in that building, and that he had promised to remedy them, failed to do so in the following particulars: By omitting to put an ash-gate on the outside of the chimney; to repair certain back windows; to construct gutters on the roof and two sides of the house; to install doors to a china closet, and to put in place certain electric fixtures. These things were not done promptly or at all. The plaintiff admitted that the house was unfinished in the respects mentioned, and, as before stated, promised to complete the building and obviate the objections, whereupon, according to the testimony, the defendant expressed himself as willing to pay the balance of the bonus, notwithstanding that the contract was violated in other respects. It also appears from the testimony that the defects were important and substantial, having regard to the purpose of the defendant in entering into the contract.

Under the state of the evidence outlined we do not think it can be said that it fails to support the findings.

The judgment is affirmed.